IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NATHANIEL J. DROWELL,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　)
　　-vs-　　　　　　　　　　　　　　　　　　　)　　Civil Action No. 17-795
　　　　　　　　　　　　　　　　　　　　　　　　)
NANCY A. BERRYHILL,[1]　　　　　　　　　)
COMMISSIONER OF SOCIAL SECURITY,　　)
　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　　　　　　)

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Background

Plaintiff Nathaniel J. Drowell ("Drowell") brings this action pursuant to 42 U.SC. § 405(g) for review of the ALJ's decision denying his claim for a period of disability and disability insurance benefits ("DIB")[2] as well as a claim for supplemental social security ("SSI"). He alleges a disability beginning on January 16, 2014. (R. 17)[3] Following a hearing before an ALJ, during which time both Drowell and a vocational expert ("VE") testified, the ALJ denied his claim. Drowell appealed. Pending are Cross Motions for Summary Judgment. *See* ECF docket nos. [9] and [13].

### Legal Analysis

1. Standard of Review

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.
[2] The ALJ determined that Drowell met the insured status requirements of the SSA through December 31, 2019. (R. 19)
[3] Drowell initially alleged a disability beginning on November 15, 2013 but subsequently submitted a written request to amend the onset date to January 16, 2014. (R. 17)

1

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate. *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the claimant must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has

2

lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986). The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P, appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id. A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

2. The ALJ's Analysis

At step one, the ALJ found that Drowell had not engaged in substantial gainful activity since January 16, 2014, the amended onset date. (R. 19) At step two, the ALJ concluded that Drowell has the following severe impairments: cervical myelopathy; right

3

shoulder rotator cuff tendonitis / adhesive capsulitis; right hip degenerative joint disease; diabetes; and anemia. (R. 19) The ALJ referenced some other conditions such as hyperlipidemia and hypertension, but found that they did not constitute "severe impairments." (R. 20)

At step three, the ALJ concluded that Drowell does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, Appendix 1. The ALJ considered Listing 1.02 (dysfunction of a major weight-bearing joint due to any cause) as well as section 9.00 for guidance on evaluating endocrine disorders. (R. 21)

Prior to engaging in step four, the ALJ assessed Drowell's residual functional capacity ("RFC").[4] The ALJ found Drowell able to perform a range of light work, with some restrictions. (R. 21-26)

At step four, the ALJ determined that Drowell is capable of performing past relevant work as a can filling and closing machine tender. (R. 27) Consequently, benefits were denied and the ALJ did not continue with the analysis.

3. Use of a Cane

Drowell contends that the RFC is deficient because it does not account for his use of a cane. "To establish that a hand-held device is medically required, there must be medical evidence establishing both the need for the device and the circumstances in which the device is required." *Soto v. Comm'r. of Soc. Sec.*, Civ. No.17-89, 2018 WL

---

[4] "RFC" refers to the most a claimant can still do despite his / her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his / her limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor. 20 C.F.R. §§ 404.1527, 416.927; 20 C.F.R. §§ 404.1546(c), 416.946(c).

4

355138, at * 5 (D. N.J. Jan. 10, 2018), *citing, Titles II & XVI: Determining Capability to Do Other Work – Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work*, SSR 96-9p, 1996 WL 374185, at * 7 (July 2, 1996). In *Howze v. Barnhart*, the Third Circuit Court of Appeals rejected a claimant's contention that an ALJ's failure to address his use of a cane required a remand. *See Howze v. Barnhart*, 53 Fed. Appx. 218 (3d Cir. 2002). The claimant testified that his physician provided him with a cane to address left-leg weakness and the record included a reference by a physician to a "script" for a cane. *Howze*, 53 Fed. Appx. At 222. Additionally, the physician had checked the box for "hand-held assistive device medically required for ambulation" in a report. *Id.* The Court noted that "[o]ther than that, there are multiple references to the fact that appellant uses a cane but no discussion of its medical necessity." *Id.* Quoting from SSR 96-9p, the Third Circuit Court found that "[t]he evidence presented by appellant was insufficient to support a finding that his cane was medically necessary." *Id. See also, Starks v. Colvin*, Civ. No. 16-6062, 2017 WL 4053755, at * 4 (E.D. Pa. Sept. 12, 2017) (rejecting claimant's objection to the ALJ's exclusion of a cane in the RFC, stating that a physician's observations of the claimant's use of a cane is insufficient; "[t]here is no prescription for a cane or any indication why a cane is needed to aid Mr. Stark's walking. We cannot infer Mr. Stark's medical need for a cane based on his history of osteoarthritis in the ankle and past tibia-fibula surgery.") and *Rawls v. Comm'r. of Soc. Sec.*, Civ. No. 16-3898, 2017 WL 1488127, at * 7 (D. N.J. April 25, 2017) (stating that "consideration of Plaintiff's use of a cane in formulating the RFC was unnecessary because ALJs need only consider 'medically required' devices

… [and] the record does not indicate that Plaintiff was prescribed a cane or other assistive device by a treating source.")

Drowell cites to the Medical Source Statement authored by Dr. Megan Cortazzo, on August 8, 2014, as proof of his need to use a cane. Drowell writes that, "[t]hough he did not use a cane at the time, it was recommended that one may help with his balance issues." *See* ECF Docket No. 10, p. 3, *citing*, R. 628. In fact, what Dr. Cortazzo opined was that Drowell *did not* require the use of a cane to ambulate. (R. 628) She simply noted that a cane "[m]ay help = balance." (R. 628) Further, Cortazzo represented that the use of a cane was *not* "medically necessary." (R. 628) Additionally, Dr. Rafay Ahmed[5] completed a medical source statement in February of 2016. (R. 643-48) As did Dr. Cortazzo, Dr. Ahmed opined that Drowell did not need a cane to ambulate. (R. 644) He also found that Drowell could "frequently" climb stairs, ramps, ladders, or scaffolds, balance, stoop, kneel, crouch, and crawl. (R. 646) Ahmed noted that Drowell could walk a block at a reasonable pace on rough or uneven surfaces, and that he could "ambulate without using a wheelchair, walker, or 2 canes or 2 crutches." (R. 648) The ALJ gave Dr. Ahmed's opinion "great weight" and Dr. Cortazzo's opinion "partial weight." Viewed against this backdrop, the medical evidence did not establish that the use of a cane was medically necessary. As such, I reject Drowell's contention that the ALJ was required to incorporate limitations associated with the use of an assistive device.[6]

---

[5] Dr. Ahmend conducted a consultative examination at the request of the Agency.
[6] To the extent that Drowell argues that the ALJ did not fully address the need for an assistive device, I disagree. The ALJ cited to numerous points in the record indicating that Drowell's "coordination was intact in all four extremities and standing was stable" (R. 23); "[a] physical examination revealed a normal gait and stance. In addition, the claimant was able to walk on heels and toes without difficulty, his squat was full and he needed no help changing or getting on and off the examination table. He was able to rise from the chair without difficulty" (R. 23); "[o]n June 9, 2016 it was noted that claimant's gait was within normal limits, without mention of ataxia" (R. 24); "[i]t was also noted that the claimant regularly walked on the treadmill for twenty minutes per day" (R. 24); "[a]lthough the claimant was at times reliant upon a cane for ambulation due to balance difficulties, at his most

4. Medical Opinions

Drowell urges that the ALJ did not comply with the "Treating Physician Rule." The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id*, § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id*. Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id*, § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, 'where … the

---

recent appointment in the record he was not using a cane and he certainly would not be able to use a cane while on the treadmill. Moreover, his diabetic foot exams were consistently normal." (R. 25) Some of the medical records may have noted Drowell's use of a cane, but "a medical source does not transform the claimant's subjective complaints into objective findings simply by recording them…." *Hanton v. Comm'r. of Soc. Sec.*, 131 Fed. Appx. 877, 879 (3d Cir. 2005).

7

opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r. of Soc. Sec. Admin.*, Civ. No. 10-2517, 2010 WL 5078238, at * 5 (3d Cir. Dec. 14, 2010).

The ultimate issue of whether an individual is disabled within the meaning of the Act is for the Commissioner to decide. Thus, the ALJ is not required to afford special weight to a statement by a medical source that a claimant is "disabled" or "unable to work." 20 C.F.R. § 416.927(d)(1), (3); *Dixon v. Comm'r. of Soc. Sec.*, 183 Fed. Appx. 248, 251-52 (3d Cir. 2006) (stating, "[o]pinions of disability are not medical opinions and are not given any special significance."). Although the ALJ may choose who to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r. of Soc. Sec.*, 577 F.3d 500, 505 (3d Cir. 2009). The ALJ must provide sufficient explanation for his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r. of Soc. Sec.*, 529 F.3d 198, 203-04 (3d Cir. 2008).

Drowell's argument focuses upon the ALJ's treatment of the opinion proffered by Dr. Cortazzo. Cortazzo completed a Medical Source Statement dated August 8, 2014, in which she noted that Drowell could occasionally carry and lift up to 20 pounds, but

was precluded from carrying or lifting in excess of 20 pounds. (R. 627) She further opined that Drowell could sit, stand, and walk for one hour each at a time, alternating positions, within an eight-hour workday. (R. 628) She explicitly stated that the use of a cane was not medically necessary, but noted that it may help with balance. (R. 628) According to Cortazzo, Drowell could reach, handle, and push / pull only occasionally with his right and left hands, but could finger and feel continuously with each hand. (R. 629) She did not impose any limitations on his ability to operate foot controls with either his right or left foot. (R. 629) She imposed some postural and environmental limitations. (R. 630-31) Finally, she noted that Drowell was unable to walk a block at a reasonable pace on rough or uneven surfaces. (R. 632) Cortazzo explained that Drowell's limitations result from a spinal cord injury. (R. 632)

Significantly, the ALJ did not completely reject Cortazzo's opinion. Rather, she gave Cortazzo's opinion partial weight. She stated that:

> While the limitation to lifting 20 pounds occasionally is consistent with the record as a whole, the limitation to being able to sit, stand, and walk for just an hour each is not consistent with the record as a whole. Further, while there is support for manipulative limitations on the right there is no such evidence on the left. Finally, this opinion is from just seven months prior to the amended onset date and is not reflective of the claimant's improved condition after further treatment.

(R. 25)

After careful consideration, I find Drowell's challenge unconvincing. The ALJ is not compelled to give a treating source's opinion more weight where that opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques and is inconsistent with the other substantial evidence in the record. *See* 20 C.F.R. §§ 404.1527, 416.927 A review of the record reveals that the ALJ considered the nature

9

and extent of the treating relationship, specialization, consistency with the record as a whole, *et cetera*. (R. 21-26) The ALJ explained that she considered the opinion evidence in light of 20 C.F.R. § 404.1527, § 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p. (R. 21) Further, substantial record evidence supports the ALJ's conclusion and the ALJ's determination is consistent with the applicable regulations.

For instance, substantial evidence supports the ALJ's conclusion that Cortazzo's opinion regarding Drowell's sit/stand/walk limitations were inconsistent with the record as a whole. Dr. Ahmed opined that Drowell could sit for four hours at a time, could stand for three hours at a time, and could walk for three hours at a time. (R. 644) Ahmed found Drowell able to walk on heels and toes without difficulty and displayed a normal gait. (R. 51) He noted that Drowell did not use an assistive device and that he was able to get off and on the exam table and was able to rise from the chair without difficulty. (R. 651) The ALJ gave Ahmed's opinion "great weight" in this regard. (R.25) Additionally, as the ALJ noted, Drowell himself reported walking regularly on a treadmill for 20 minutes a day and indicated that his walking and balance were slowly improving. (R. 24) By June 2016 Drowell's gait was observed to be within normal limits. (R. 24) The ALJ explained that the "limitations to walking for only four hours total in an eight-hour day and sitting for six hours total in an eight-hour day are supported by the claimant's cervical myelopathy which would make it difficult for the claimant to hold up his neck … for prolonged periods and could exacerbate the claimant's pain." (R. 26)

Substantial evidence also supports the ALJ's rejection of Cortazzo's findings regarding Drowell's manipulative limitations. The ALJ conceded that, "while there is support for manipulative limitations on the right there is no such evidence on the left."

10

(R. 25) Drowell had cervical spine surgery in January of 2014. He reported shoulder improvement with intact sensation and full bilateral and lower extremity strength upon discharge only three days later. (R. 389) Following discharge, Drowell reported shoulder improvement, intact sensation and full extremity strength. (R. 389) In February of 2014, Drowell presented to Dr. Altschuler and noted improved right arm pain despite some residual numbness. (R. 453-54) Again, approximately two months later, Drowell saw Altschuler and reported improvement with no pain, good strength but some paresthesias. (R. 447-448) Additionally, Cortazzo indicated, in a June 2014 examination, that Drowell had full strength and no decreased range of motion. (R. 557) Further, while attending physical therapy sessions with Barbara Swan, Drowell experienced continued increased range of motion in his right shoulder and full strength. (R. 723-731) Ahmed similarly found that Drowell had 5/5 grip strength. (R. 25, 652) The ALJ also noted that Drowell had reported that he was able to complete his activities of daily living. (R. 25) Drowell lived on his own, was able to cook, clean, wash dishes, do his own laundry, shop, walk on the treadmill for 20 minutes at a time, read, drive, take public transportation and socialize with family. (R. 40, 63, 67-69, 71, 289-92, 549, 651, 714)

Simply stated, I find that substantial evidence supports the ALJ's conclusions. Thus, there is no basis for remand.

5. Credibility

Finally, Drowell takes issue with the ALJ's findings regarding his credibility. It is well-established that the ALJ is charged with the responsibility of determining a claimant's credibility. See *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974). The

11

ALJ's decision must "contain specific reasons for the finding on credibility, supported by the evidence in the case record, and be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." S.S.R. 96-7p. Ordinarily, an ALJ's credibility determination is entitled to great deference. *See Zirsnak v. Colvin,* 777 F.3d 607, 612 (3d Cir. 2014); *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003).

An ALJ must follow a two-step process when assessing pain: first, he must determine whether there is a medical impairment that could reasonably be expected to produce the plaintiff's pain or other symptoms; and, second, he must evaluate the intensity, persistence, and limiting effects of the plaintiff's symptoms to determine the extent to which they limit the plaintiff's functioning. (R. 21-22) Pain alone, however, does not establish disability. 20 C.F.R. § 404.1529(a); 416.929(a). Allegations of pain must be consistent with objective medical evidence and the ALJ must explain the reasons for rejecting non-medical testimony. *Burnett v. Comm'r. of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000).

In evaluating whether a plaintiff's statements are credible, the ALJ will consider evidence from treating, examining and consulting physicians; observations from agency employees; and other factors such as the claimant's daily activities; descriptions of the pain; precipitating and aggravating factors; type, dosage, effectiveness, and side effects of medications; treatment other than medication; and other measures used to relieve the pain. 20 C.F.R. § 404.1529(c), 416.929(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* Inconsistencies in a claimant's testimony or other daily activities permit an ALJ to

12

conclude that some or all of the claimant's testimony about his or her limitations or symptoms is less than fully credible. See *Burns v. Barnhart*, 312 F.3d 113, 129-30 (3d Cir. 2002).

Here, I find that the ALJ followed the correct analysis for assessing credibility. She set forth the two-step process identified above, assessed the underlying physical and mental impairments which could reasonably be expected to produce Drowell's pain and then evaluated the intensity, persistence, and limiting effects of Drowell's symptoms to determine the extent to which they limit Drowell's functioning. (R. 21-26) She cited to voluminous medical records in support of her decision. Ultimately, the ALJ found that Drowell's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (R. 24) Because the ALJ is the finder of fact, and because the ALJ's determinations are supported by substantial evidence of record, I find no error.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NATHANIEL J. DROWELL, )
    Plaintiff, )
)
-vs- ) Civil Action No. 17-795
)
NANCY A. BERRYHILL,[7] )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## ORDER OF COURT

Therefore, this 25th day of July, 2018, it is hereby ORDERED that the decision of the ALJ is affirmed. It is further ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 9) is DENIED and Defendant's Motion for Summary Judgment (Docket No. 13) is GRANTED.

    BY THE COURT:

    /s/ Donetta W. Ambrose
    Donetta W. Ambrose
    United States Senior District Judge

---

[7] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.